**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **CAPITAL HEALTH SYSTEM, INC,** | **Case No. 24–cv–00202–ESK–MJS** |
| **Plaintiff,** | |
| **v.** | |
| **SYMMETRY WORKFORCE SOLUTIONS, LLC, *et al.*,** | **OPINION AND ORDER** |
| **Defendants.** | |

**THIS MATTER** having come before the Court on defendants Symmetry Workforce Solutions LLC (Symmetry) and Aya Healthcare Inc.'s motion to dismiss (Motion) (ECF No. 63; ECF No. 63–1 (Mov. Br.)) the third amended complaint (ECF No. 53 (Third Am. Compl.)); and plaintiff Capital Health System, Inc. having filed an opposition to the Motion (ECF No. 69 (Opp'n Br.)); and defendants having filed a reply in further support of the Motion (ECF No. 70); and the Court finding,

1.  On June 2, 2025, I issued an opinion (Opinion) (ECF No. 51 (Op.))[1] and order (Order) (ECF No. 52 (Order)) dismissing without prejudice the second amended complaint (ECF No. 47).  The Opinion identified several deficiencies with the second amended complaint.  (Op. pp. 6–14.)  With leave from the Court, Capital Health System filed a third amended complaint on July 2, 2025 to correct those deficiencies.  (Order ¶ 2; Third Am. Compl.)  On August 14, 2025, defendants filed the Motion, arguing that because the third amended complaint "makes only superficial, cosmetic changes" and does not "remedy the fatal defects" identified in the Opinion, this action should be dismissed with prejudice.  (Mov. Br. p. 12.)  I agree.

2.  In the Opinion, I noted that Capital Health System failed to satisfy the Consumer Fraud Act's ascertainable loss requirement, and that its claims were barred by the parole evidence rule.  (Op. pp. 6–12.)  I also indicated that Capital Health System failed to assert that defendants acted in bad faith or that they fraudulently concealed/spoliated evidence by updating their website.

---

[1] Because I write for the parties who are intimately familiar with this action, I do not provide a detailed background.  I incorporate by reference the factual overview and procedural history included in the Opinion.  (Op. pp. 1–4.)

(*Id.* pp. 12–14.)   After reviewing the third amended complaint, I find that Capital Health System made no effort to correct these deficiencies.   (Third Am. Compl.; ECF No. 53–6.)   For example, I expressly advised Capital Health System that to assert an ascertainable loss, it must "compare the rates it paid [for nurses] to the relevant market rates" during that time.   (Op. p. 8.)   No facts asserting the market rate are pleaded in the third amended complaint. (*See generally* Third Am. Compl.)   Instead, Capital Health System points to communications it allegedly relied on to believe that Symmetry was a vendor-neutral managed service provider. (*Id.* ¶¶ 65–81, 108–139.)   These communications are barred by the integration clause in Capital Health System and Symmetry's manager service provider agreement (ECF No. 53–1 p. 9) and the parole evidence rule (*see* Op. pp. 8–10.)   Since Capital Health System concedes that Symmetry was permitted to use its corporate affiliates so long as Symmetry was recommending nurses at the best rates, Capital Health System's fraud and bad faith claims also fail.   (Third Am. Compl. ¶ 238.)

3.   Capital Health System insists that "[d]efendants cannot seriously claim that the 73-page and 321-paragraph [third amended complaint] fails to" state a claim or satisfy the federal pleading standard.   (Opp'n Br. p. 12.)   But simply because the third amended complaint is lengthy, does not mean that Capital Health System can survive the Motion.   *See Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (noting that there is "no single 'proper length' for stating a particular claim").   Rather than correct the defects identified in the Opinion, Capital Health System added to the third amended complaint irrelevant allegations that do not satisfy its burden.

4.   I recognize that a dismissal of a complaint with prejudice "is a severe and disfavored remedy."   *Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000). Generally, a complaint should be dismissed without prejudice and plaintiffs should be provided the opportunity to amend their complaint "when justice so requires."   *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). But a court has the discretion to deny such an opportunity when the record demonstrates undue delay, bad faith, dilatory motive, prejudice, and futility. *Id.*; *see also* Fed.R.Civ.P. 15(a)(2).   A court may also ground its decision "on consideration of additional equities, such as judicial economy/burden on [a] court[,] … the prejudice denying leave to amend would cause," and the party's "repeated failure to cure deficiencies by amendments previously allowed." *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017); *Foman v. Davis*, 371 U.S. 178, 182 (1962).   The Third Circuit recognizes the "strong liberality in allowing amendments … to ensure that claims will be decided on the merits rather than on technicalities."   *Clinton v. Jersey City Police Dep't.*, No. 07-05686, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017).

5.     Granting Capital Health System leave to amend its complaint for a fourth time is unwarranted.   Capital Health System has not been able to cure its pleading deficiencies.   *See Foman*, 371 U.S. at 182.

Accordingly,

**IT IS** on this   **30th** day of **March 2026   ORDERED** that:

1.     The Motion (ECF No. 63) is **GRANTED**.   The third amended complaint is **dismissed with prejudice**.

2.     The Clerk of the Court shall **close** this action.


    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**